IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR11** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **SALVADOR FLORES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 64). The government has adopted the PSR. (Filing No. 66.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to the drug quantity set out in ¶ 15 of the PSR, i.e. 3,563.26 grams of actual methamphetamine, and the resulting application of base offense level 38. The Court notes that trial exhibits 18-26 total 3,563.26 grams, and Malinda Combs of the Nebraska State Crime Laboratory testified at trial that the methamphetamine was 90-95% pure. Nevertheless, the Court will address the objection at sentencing; the government bears the burden of proof by a preponderance of the evidence.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 64) will be heard at sentencing;

2. If the parties need more than 30 minutes for the sentencing hearing, they shall immediately contact Edward Champion, tel. 661-7377, and reschedule the hearing;

3. Otherwise the Court's tentative findings are that the Revised Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 13th day of March, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge